## Capparell v. Schultz

Before Lewis and Bigelow, JJ.

*Joseph J. Ustynoski,* for plaintiff.

*Herbert L. Winkler,* for defendant.

BIGELOW, J., for the court en banc, July 14, 1965.—This matter comes before the court on preliminary objections entitled "Petition Raising the Question of Jurisdiction" filed on behalf of defendant, Herman D. Schultz, to the writ of summons in assumpsit issued to this term and number.

Specifically, the prayer for relief of defendant, Herman D. Schultz, a member of the bar of the State of New York, is as follows:

"WHEREFORE, the defendant demands that the Writ of Summons be quashed and that the action in the above captioned matter be dismissed, as to the defendant, Herman D. Schultz".

The basis for this relief sought, as stated in the body of the petition, is that at the time he was served with the writ of summons, he was in the Luzerne County Court House acting for and on behalf of codefendant, as nonresident attorney of record specially admitted to this court in a companion matter, and was, therefore, immune from service of process.

The prayer for relief attacks the writ of summons and not the validity of service thereof. It appears from the averments of the preliminary objections, in accordance with the authority set forth below, that these averments, if proved, may be the basis of a motion to set aside the service of the summons, but not to quash the writ or dismiss the action.

5 Standard Pa. Prac. 105, provides as follows:

"DISMISSAL.—Where certain defects which are fatal to the successful prosecution of a pending action become apparent, the action may be dismissed either on motion of a party or by the court upon its own motion. Thus, *where a court has no jurisdiction of the subject*

*matter of an action* which is before it, the action will be dismissed.

"Similarly, an action may be dismissed *where illegality or a violation of public policy appears.*

"The term 'dismiss' is sometimes used as meaning 'non pros' or other judgment terminating an action at law, but not barring another action upon the same cause of action." (Italics supplied.)

As to defendant's request to quash the writ, 1 Standard Pa. Prac. 658, provides:

". . . Where the objection is made solely to the *manner of service*, the proper remedy is by motion to set aside the return of service, not by motion to quash . . ." (Italics supplied).

Accordingly, defendant's preliminary objections must be dismissed, and we enter the following:

ORDER

It is ordered and decreed that the preliminary objections filed by defendant, Herman D. Schultz, be and are hereby dismissed.